United States District Court
Northern District of Indiana

| | | |
|---|---|---|
| KENNETH LUKOMSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:07-CV-343 JVB |
| ANDREW PAZERA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Kenneth Lukomski, a *pro se* prisoner, submitted a complaint and an amended complaint under 42 U.S.C. § 1983 alleging the defendants did not provide proper medical treatment for his injured finger in violation of his Eighth Amendment rights.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Mr. Lukomski names four defendants: Andrew Pareza, the facility's superintendent, Harriet Woolvert, the "H.C.A. Medical Dept.", J. Wahl, the doctor who treated him, and the Correctional Medical Services, ("CMS")supervisor. Mr. Lukomski expressly alleges that the actions of the facility's superintendent and the doctor violated his constitutional rights under the Eighth and Fourteenth Amendments.

Although Mr. Lukomski alleges that Mr. Pareza, Ms. Woolvert, and the CMS supervisor

did not respond to his complaints or investigate the treatment of his injury, he admits that he did not invoke the facility's grievance procedure. In deciding to bypass this process, Mr. Lukomski reasoned:

> Due to the extent of the injury and the circumstances surrounding this issue, a grievance would not have had any type of resolution or benefit to this matter, due to the fact that most grievances take anywhere from thirty (30) to forty-five (45) days to respond to, and by this time it would have been too late to address these issues.

(Pro Se Complaint, DE # 17 at 2).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373. The record clearly indicates Mr. Lukomski sustained a serious injury to his finger.

However, Mr. Lukomski unabashedly admits that he did not avail himself of the facility's grievance procedure. Under the circumstances, Mr. Lukomski did not exhaust his administrative remedies as to his claim the defendants denied him proper medical treatment.  42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This statute requires that Mr. Lukomski utilize whatever administrative grievance system is

2

available to him before he can file a lawsuit in federal court. *See Woodford v. Ngo*,___ U.S.___; 126 S.Ct. 2378, 2382-83, 2386-87 (2006); *Kaba v. Stepp*, 458 F.3d 678, 683-84 (7th Cir.2006); and *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir.2002).

Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), or if the prisoner believes that exhaustion is futile, *Booth v. Churner*, 532 U.S. 731 (2001). "The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir.2005) (per curiam). This circuit has taken a strict compliance approach to exhaustion. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002)("Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective ..."); *Dixon v. Page*, 291 F.3d 485 (7th Cir.2002.)

Ordinarily, the failure to exhaust administrative remedies under §1997e(a) is an affirmative defense that must be pled and proved by the defendant. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999). However, where there is no question that the plaintiff did not even attempt to obtain redress through the administrative process before resort to the judicial system, the court need not overlook that obvious defect. Moreover, if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F. 3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

Therefore, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on April10, 2008.

                                              s/ Joseph S. Van Bokkelen
                                             Joseph S. Van Bokkelen
                                             United States District Judge
                                             Hammond Division